**Kulwant Singh GILL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–73574.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 19, 2006.

Filed June 20, 2006.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Susan K. Houser, Esq., Stacy S. Paddack, Tracy L. Hilmer, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: RYMER and WARDLAW,

Circuit Judges, and WARE,* District Judge.

## MEMORANDUM **

Kulwant Singh Gill petitions for review of the Bureau of Immigration Appeals' (BIA) summary affirmance of an Immigration Judge's (IJ) decision denying his application for asylum. We grant the petition for review and remand for further proceedings.

The BIA's summary affirmance included a footnote stating that it did not affirm the IJ's adverse credibility determination. While the inclusion of that footnote violated the BIA regulation governing decisions affirming without opinion, see *Kumar v. Gonzales*, 439 F.3d 520, 523 (9th Cir.2006) (citing 8 C.F.R. § 1003.1(e)(4)), Gill does not argue that he was "prejudiced by the footnote or that the violation of the regulation affected the outcome of the proceedings," *id.* at 524.

Gill argued, before the IJ, in his Notice of Appeal, and before this court, that he was persecuted on the basis of an imputed political opinion when he was mistaken for a Sikh militant with the same name. The IJ determined that Gill could not have been persecuted on the basis of a protected ground because his was just a case of mistaken identity. Although we recognize that "[i]n establishing an imputed political opinion, the focus of inquiry turns away from the views of the victim to the views of the persecutor," *Sangha v. INS*, 103 F.3d 1482, 1489 (9th Cir.1997), we find nothing in our own case law, nor any precedential BIA opinion, that addresses the precise question at issue here: whether imputed political opinion may exist when the persecutors believe that the individual they are persecuting holds particular political views *because* they have mistaken him for another person.

Therefore, we GRANT the petition for review and REMAND to allow the BIA an opportunity to issue a precedential decision on this question in the first instance. *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). Because the BIA previously rejected the IJ's adverse credibility determination, on remand, Gill's testimony should be treated as credible and truthful. *Kumar*, 439 F.3d at 521.

**PETITION FOR REVIEW GRANTED. REMANDED.**

* The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.